**UNITED STATES of America, Appellee,**

v.

**Robert KEITH, Appellant.**

No. 79–1075.

United States Court of Appeals,
Ninth Circuit.

Sept. 26, 1979.

Michael B. Scott, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Michael L. Piccarreta, Asst. Federal Public Defender, Phoenix, Ariz., for appellant.

Before MERRILL and HUG, Circuit Judges, and PORT *, Senior District Judge.

HUG, Circuit Judge:

Appellant Robert Keith, a Navajo Indian, was indicted on the charge of involuntary manslaughter within the confines of the Navajo Indian Reservation, in violation of 18 U.S.C. §§ 1153 and 1112. Before trial, Keith moved to dismiss the indictment for failure to allege two essential elements of the offense charged. After oral argument, the trial judge denied the motion. Keith was convicted after a jury trial.

Keith argues that his conviction should be reversed on the ground that the district court erred in denying the motion. We agree with his argument and reverse.

Keith was charged under § 1112 with involuntary manslaughter after the automobile he was driving collided with another vehicle, killing the driver. Section 1112 provides in pertinent part:

> (a) Manslaughter is the unlawful killing of a human being without malice. It is of two kinds:
>
> Voluntary—Upon a sudden quarrel or heat of passion.
>
> Involuntary—In the commission of an unlawful act not amounting to a felony, or in the commission in an unlawful manner, or without due caution and circumspection, of a lawful act which might produce death.

The indictment tracked the language of § 1112 in charging that Keith operated his vehicle "without due caution and circumspection." [1]

Keith contends that two essential elements of the offense of involuntary manslaughter under § 1112 are that: (1) the defendant committed with gross negligence the action causing death; and (2) the defendant had actual knowledge that his conduct was a threat to the lives of others, or had knowledge of such circumstances as would have made reasonably foreseeable to him the peril to which his acts might subject others. He argues that the indictment failed to allege these two elements because the indictment alleged only that he operated his automobile "without due caution and circumspection." He reasons that the phrase "without due caution and circumspection" connotes simple negligence sufficient for civil liability, but not gross negligence.

Keith is correct in his contention that the two elements he cites are essential for an involuntary manslaughter conviction under § 1112. In *United States v. Pardee*, 368 F.2d 368, 374 (4th Cir. 1966), the court held that jury instructions concerning an alleged § 1112 offense were insufficient because they failed to advise that the Government must prove: (1) that the defendant acted with "gross negligence," defined as "wanton or reckless disregard for human life;" and (2) that the defendant had actual knowledge that his conduct was a threat to the lives of others, or had knowledge that his conduct was a threat to the lives of others, or had knowledge of such circumstances as could reasonably be said to have made foreseeable to him the peril to which his acts might subject others. *United States v. Escamilla*, 467 F.2d 341, 347 (4th Cir. 1972). *Cf. Barbeau v. United States*, 13

---

* The Honorable Edmund Port, Senior United States District Court Judge for the Northern District of New York, sitting by designation.

1. The indictment was worded as follows:

On or about June 15, 1978, in the District of Arizona, and within the confines of the Navajo Indian Reservation, Indian country, ROBERT KEITH, an Indian, did unlawfully kill Harold Leroy Taggart, a non-Indian, in the commission of a lawful act which might produce death, that is, the operation of an automobile by the said ROBERT KEITH, without due caution and circumspection.

In violation of Title 18, United States Code, Sections 1153 and 1112.

Alaska 551, 193 F.2d 945, 949 (9th Cir.) *cert. denied*, 343 U.S. 968, 72 S.Ct. 1064, 96 L.Ed. 1364 (1952) (a state statute containing language almost identical to § 1112 construed to require gross negligence).[2] The indictment under which Keith was charged did not contain all the elements of the offense charged.

■ The failure of an indictment to detail each element of the charged offense generally constitutes a fatal defect. *United States v. King*, 587 F.2d 956, 963 (9th Cir. 1978). *United States v. Morrison*, 536 F.2d 286, 288 (9th Cir. 1976).

■ The failure of the indictment to charge two essential elements could not be cured by the trial court by amendment or through jury instructions. The Supreme Court has stated: "The very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." *Russell v. United States*, 369 U.S. 749, 771, 82 S.Ct. 1038, 1051, 8 L.Ed.2d 240 (1962) (citing *Stirone v. United States*, 361 U.S. 212, 218, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). To allow a prosecutor or court to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection that the grand jury was designed to secure, because a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury that indicted him. *Russell*, 369 U.S. at 770, 82 S.Ct. 1038; *Jeffers v. United States*, 392 F.2d 749, 752–53 (9th Cir. 1968).

■ The indictment did not charge two essential elements. The grand jury may well have believed that § 1112 requires proof of these elements. Keith cannot be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury. *Russell*, 369 U.S. at 770, 82 S.Ct. 1038; *Jeffers*, 392 F.2d at 752–53.

The Government raises a number of objections to Keith's argument, but none of them is convincing.

■ The Government contends that the indictment is sufficient because it tracks the language of § 1112. The Government's contention is incorrect. Although an indictment tracking the language of a statute is usually adequate because statutes usually include all the elements of a crime, an indictment is inadequate when it fails to allege an essential element of the offense even when it tracks the language of the statute. *United States v. Morrison*, 536 F.2d at 288; *United States v. Haldeman*, 181 U.S.App.D.C. 254, 346 n.260, 559 F.2d 31, 123, n.260 (D.C.Cir. 1976), *cert. denied*, 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977) (citing *United States v. Carll*, 105 U.S. 611, 26 L.Ed. 1135 (1882)).

■ The Government appears to argue that Keith was not prejudiced by the language of the indictment because he did not request a bill of particulars. This argument is meritless. A bill of particulars cannot save an invalid indictment. *Russell v. United States*, 369 U.S. at 770, 82 S.Ct. 1038.

The Government notes that vagueness may not be imputed to a statute if judicial explication makes a statute clear so that fair notice is afforded. *United States v. Broncheau*, 597 F.2d 1260, 1263 (9th Cir. 1979). The Government argues that § 1112 and the indictment that tracked the language of § 1112 are not vague because numerous decisions have construed the phrase "without due caution and circumspection" to mean gross negligence.

*Broncheau* is distinguishable. In *Broncheau*, the court noted that the term "Indian," which the appellant attacked as vague,

---

2. For a discussion of the history of § 1112 and its relationship to common law homicide, see *United States v. Alexander*, 152 U.S.App.D.C. 371, 392–93, 471 F.2d 923, 944–45 (D.C.Cir.), *cert. denied*, 409 U.S. 1044, 93 S.Ct. 541, 34 L.Ed.2d 494 (1972). Dicta in *Alexander, id.* 152 U.S.App.D.C. at 395 n.56, 471 F.2d at 947 n.56 and in *United States v. Dixon*, 135 U.S.App.D.C. 401, 405 n.4, 419 F.2d 288, 292 n.4 (D.C. Cir. 1969) (Leventhal, J., concurring) affirm the *Pardee* court's analysis of gross negligence under § 1112.

as judicially developed from 1845 to the present, "has a meaning sufficiently precise for a man of average intelligence to 'reasonably understand that his contemplated conduct is proscribed.'" *Id.* at 1263 (citing *United States v. Mazurie*, 419 U.S. 544, 553, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975)). The phrase "without due caution and circumspection," however, has not been consistently defined by judicial decision to include the knowledge requirement of § 1112. Moreover, in *Broncheau*, the appellant admitted that he was an enrolled Indian and never suggested that he did not understand the term "Indian" as it applied to him. Here, in contrast, Keith made a timely motion to dismiss the indictment for the reason he argues on appeal.

Keith's conviction for involuntary manslaughter is reversed.

MERRILL, Circuit Judge, dissenting:

I dissent.

The majority holds that the statutory language "without due caution or circumspection" must be construed to require gross negligence or the knowledge of such circumstances as would have made reasonably foreseeable to the defendant the peril to which his acts might subject others. Whether this is or is not the proper standard to apply in involuntary manslaughter is a question I do not reach. I assume, arguendo, that it is. It was the one adopted by the district court in instructing the jury as to the meaning of the statutory language.

I disagree with the majority in its conclusion that the imposition of this standard amounts to adding a new element to the crime of involuntary manslaughter, which element must be expressly stated in the indictment.

A distinction must be made between two different situations: (1) Where judicial or decisional gloss adds new elements to a crime;[1] (2) Where the gloss does no more than define the meaning of an element set forth in the statute. In the former case the newly added elements must be included in an indictment. In the latter case no new element has been added. The element set forth in the statute which has been judicially defined takes on the meaning given to it by the judicial definition. In this sense the statutory language has become a term of art. When it is used in an indictment it carries with it the judicial definition. This is the case here. Gross negligence and foreseeability of harm are not required *in addition to* a lack of due caution and circumspection. They *constitute* that lack. Absent gross negligence and foreseeability of harm there is no such lack, and the *statutory* element has not been established.

In such a case the jury must, of course, be instructed as to the meaning of the language used in the statute just as it must be instructed as to the meaning of any element as statutorily expressed. Here the trial jury was so instructed. Since the necessary elements for involuntary manslaughter were detailed in the indictment, we should also assume that the grand jury received appropriate instructions as to the meaning of language used in the indictment, and that when it found a lack of due caution and circumspection the jurors understood what that language meant.

To require that an indictment not only contain the elements of a crime but also precisely set forth the definition judicially given to the statutory language could start an interminable definitional process and render every indictment subject, after the fact, to objections now required to be made before the fact as to jury instructions. Here, it could be argued that gross negligence would in turn have to be defined. If "wanton disregard" is used in defining it, it could be argued that the term also would have to be defined.

I would affirm.

---

1. An example, perhaps, could be *United States v. Pardee*, 368 F.2d 368 (4th Cir. 1966), cited in the majority opinion. There it was held that where an involuntary manslaughter charge was alleged to be based on an unlawful act not amounting to a felony (the first branch of the crime; we are here concerned with the second), that act must not only be unlawful; it must also amount to gross negligence.