UNITED STATES of America, Plaintiff,

v.

Kenneth Mathew PARISIEN, Defendant.

No. C2–81–21–01.

United States District Court,
D. North Dakota,
Northeastern Division.

May 29, 1981.

---

Gary Annear, Asst. U. S. Atty., Fargo, N. D., for plaintiff.

Lawrence D. DuBois, Grand Forks, N. D., for defendant.

## ORDER

BENSON, Chief Judge.

Defendant in the above entitled case has been charged in a one count indictment with involuntary manslaughter pursuant to 18 U.S.C. § 1112. The indictment reads as follows:

That on or about the 14th day of March, 1981, in the District of North Dakota, within the exterior boundaries of the Turtle Mountain Indian Reservation, in Indian country, and within the exclusive jurisdiction of the United States, the above-named Defendant, KENNETH MATHEW PARISIEN, an Indian, did unlawfully kill, Raymond Albert Dubois, without malice while in the commission of an unlawful act not amounting to a felony, to-wit: by failing to pass on the right side of the highway an oncoming vehicle which was proceeding in the opposite direction.

Defendant has moved to dismiss the indictment pursuant to Fed.R.Crim.P. 12(b)(2) on the grounds that the indictment fails to set forth the essential elements of the crime charged. Title 18, United States Code, section 1112, provides in part as follows:

(a) Manslaughter is the unlawful killing of a human being without malice. It is of two kinds:

Voluntary—Upon a sudden quarrel or heat of passion.

Involuntary—In the commission of an unlawful act not amounting to a felony, or in the commission in an unlawful manner, or without due caution and circumspection, of a lawful act which might produce death.[1]

Defendant relies primarily upon *United States v. Keith*, 605 F.2d 462 (9th Cir. 1979), where the court, with one judge dissenting, held that a necessary element of involuntary manslaughter is gross negligence and that an indictment that charged defendant with unlawfully killing another, "in the commission of a lawful act which might produce death, that is the operation of an automobile by the said [defendant] without due caution and circumspection," was defective in failing to allege that element. In *United States v. Schmidt*, 626 F.2d 616, 617 (8th Cir. 1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 278, 66 L.Ed.2d 135 (1980), the court, citing the *Keith* decision, stated as follows in reference to a charge of involuntary manslaughter under 18 U.S.C. § 1112.

It is established that conviction of this crime requires adequate proof that the defendant acted grossly negligently in that he acted with a wanton or reckless disregard for human life, knowing that his conduct was a threat to the lives of others or having knowledge of such circumstances as could reasonably have enabled him to foresee the peril to which his act might subject others.

■ The government argues that the *Schmidt* and *Keith* decisions are distinguishable from the instant case because

---

1. The unlawful act defendant is charged with committing is a violation of N.D.Cent.Code § 39–10–09 which states in part: "Drivers of vehicles proceeding in opposite directions shall pass each other on the right...."

there the defendants were charged under the prong of the manslaughter statute relating to an unlawful killing in the commission of a lawful act in an unlawful manner. However, the court does not read the cases to be so limited. In *United States v. Pardee*, 368 F.2d 368 (4th Cir. 1966) the court held that the federal statute was not intended to deviate from the universal concept of the crime of manslaughter, and that an "unlawful act" within the statute is an act in its nature dangerous to life or an act constituting a wanton or reckless disregard for human life. *Id.* at 374. And the court in *Keith* relied upon the *Pardee* decision in establishing the additional element in the other prong of the statute. Therefore, the court holds that an essential element of the crime charged in the indictment is that defendant acted with gross negligence amounting to a wanton or reckless disregard for human life and that defendant had either actual knowledge or reason to know that his conduct was a threat to the lives of others. *See United States v. Schmidt, supra.*[2]

■ It is well established that an indictment must fairly state all the essential elements of the offense if it is to be sufficient. *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974); *United States v. Vesaas*, 586 F.2d 101, 103 n.4 (8th Cir. 1978); *United States v. Camp*, 541 F.2d 737, 739 (8th Cir. 1976); *United States v. Denmon*, 483 F.2d 1093, 1095 (8th Cir. 1973). The government contends that the indictment follows the language of the statute and thus should be held valid. It is clear that as a general rule an indictment is sufficient if it sets forth the offense in the words of the statute itself. *See Hamling v. United States, supra* 418 U.S. at 117, 94 S.Ct. at 2907; *United States v. Young*, 618 F.2d 1281, 1286 (8th Cir. 1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 126, 66 L.Ed.2d 52 (1980). However, this rule stands "as long as 'those words of themselves fully, directly and expressly,

without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'" *Hamling v. United States, supra.* Therefore, if an essential element of the offense is not contained in the statutory language, merely tracking the statutory language in the indictment is insufficient. *See United States v. Cecil*, 608 F.2d 1294, 1297 (9th Cir. 1979); *United States v. Haldeman*, 559 F.2d 31, 123 n.260 (D.C.Cir.1976), *cert. denied*, 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977). *Cf. Goodloe v. Parratt*, 605 F.2d 1041, 1045 (8th Cir. 1979). The court holds that the present indictment is insufficient because it fails to allege an essential element of the crime, i. e. gross negligence amounting to wanton or reckless disregard for the value of human life. *See United States v. Keith, supra.* The court's holding is supported by the following comments in *Keith.*

The failure of the indictment to charge two essential elements could not be cured by the trial court by amendment or through jury instructions. The Supreme Court has stated: "The very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." *Russell v. United States*, 369 U.S. 749, 771, 82 S.Ct. 1038, 1051, 8 L.Ed.2d 240 (1962) (citing *Stirone v. United States*, 361 U.S. 212, 218, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). To allow a prosecutor or court to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection that the grand jury was designed to secure, because a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury that indicted him. *Russell*, 369 U.S. at 770, 82 S.Ct. 1038; *Jef-*

---

**2.** It can be noted that even the dissenting judge in *United States v. Keith, supra*, would find an indictment charging manslaughter by unlawful act to be insufficient if it failed to allege gross negligence. 605 F.2d at 465 n.1 and text accompanying.

*fers v. United States,* 392 F.2d 749, 752–53 (9th Cir. 1968).

605 F.2d at 464.

IT IS ORDERED that the indictment against the defendant is dismissed.