**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Cleveland SHORTMAN, Defendant–**
**Appellant.**

No. 95–10432.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 1996.

Memorandum Filed June 26, 1996.

Decided July 25, 1996.

Deborah L. Williams, Assistant Federal Public Defender, Phoenix, Arizona, for defendant-appellant.

Wallace H. Kleindienst, Assistant United States Attorney, Phoenix, Arizona, for plaintiff-appellee.

Before REINHARDT and HALL, Circuit Judges, and MERHIGE,* District Judge.

## ORDER

The memorandum disposition filed on June 26, 1996, is redesignated as an authored opinion by Judge Hall.

## OPINION

CYNTHIA HOLCOMB HALL, Circuit Judge:

Cleveland Shortman appeals his conviction of involuntary manslaughter that arose from an automobile accident on a Navajo reservation. *See* 18 U.S.C. §§ 1112, 1153. Because we find that the district court erred in instructing the jury on the negligence element of this crime, we reverse Shortman's conviction.

## I

On the evening of Friday, March 5, 1993, Cleveland Shortman, a Navajo Indian, drove his 1970 Ford pickup truck to the Windy Mesa Bar in Page, Arizona. He drank. When he left the Mesa Bar he brought Katherine Yellowman and another man along as passengers in his truck.

Shortman's truck malfunctioned repeatedly while they drove around that night. Yellowman testified that the hood kept flipping up, obscuring Shortman's view of the road. She also testified that the truck stalled a few times, and that Shortman had to fiddle with wires under the dashboard to restart it. Eventually, Yellowman got out of the car and walked home. When she last saw Shortman, he had pulled his truck into the southbound lane of traffic, which was the wrong lane of a two-lane road, and was standing in front of the car with the hood up and the headlights off.

After Yellowman left, Shortman climbed back into his truck and feel asleep at the wheel. It was late at night, and the truck remained in the wrong lane with the head-

lights off. A short time later, Chester Kent drove his Honda into Shortman's parked truck and was killed instantly.

When the police arrived, Shortman was standing by the door of his truck. He claimed his name was Julius Shortman, and that his brother Cleveland had been driving. The paramedics who treated Shortman noted that his injuries were consistent with someone who was sitting behind the wheel at the time of impact. Shortman's blood alcohol level, taken hours after the accident, was 0.255. Kent's blood alcohol level was 0.14.

On March 22, 1995, the Government indicted Shortman for involuntary manslaughter under 18 U.S.C. §§ 1112, 1153. The indictment alleged that he was negligent in driving his car while drunk, parking it in the oncoming lane of traffic at night without his headlights on, and falling asleep at the wheel. At trial, Shortman argued that Yellowman had been driving the car and that Kent's intoxication was a supervening cause of the accident. The jury returned a guilty verdict, and Shortman was sentenced to 24 months imprisonment with 12 months supervised release. This timely appeal followed.

## II

It is well-settled that "gross negligence" is an element of involuntary manslaughter under § 1112. *See United States v. Keith,* 605 F.2d 462, 463 (9th Cir.1979) (dismissing indictment under § 1112 because it did not include "gross negligence" element); *United States v. Paul,* 37 F.3d 496, 499 (9th Cir.1994) (noting that § 1112 instruction using "reckless disregard for human life" was not erroneous by itself). "Gross negligence" is "defined as 'wanton or reckless disregard for human life.'" *Keith,* 605 F.2d at 463 (citation omitted). The district court in this case instructed the jury that:

> In order for the defendant to be found guilty of [involuntary manslaughter], the government must prove ... beyond a reasonable doubt ... [that] Chester Edward Kent was killed as the result of an act or acts by the defendant during the commission of an unlawful act not amounting to a

---

* The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern Dis-

trict of Virginia, sitting by designation.

felony, or in the commission of a lawful act, done either in an unlawful manner or *without due caution*, which might produce death.

Because acting "without due caution" is a far less onerous standard than "gross negligence," the district court's instruction was erroneous.

■ The Government claims that our review is solely for "plain error" because Shortman did not properly object below.[1] *United States v. Williams*, 990 F.2d 507, 511 (9th Cir.) ("[I]f a party does not properly object [to erroneous jury instructions] in accordance with [Federal Rule of Criminal Procedure 30], the plain error doctrine applies.") (citations omitted), *cert. denied*, 510 U.S. 926, 114 S.Ct. 333, 126 L.Ed.2d 278 (1993). Shortman disagrees. We need not settle this dispute, however, because we find the district court's error reversible even under the more onerous "plain error" standard.

■ "A plain error is a highly prejudicial error affecting substantial rights." *Paul*, 37 F.3d at 500 (citations and quotations omitted). An error is "plain" if it is: (1) actual (as opposed to a waiver of rights); (2) "clear" or "obvious"; and (3) prejudicial (or "affects substantial rights"). *Id.* The district court's error in this case meets all three prongs of this test. *Keith* established that "gross negligence" is an "essential element" of involuntary manslaughter under § 1112, *Keith*, 605 F.2d at 464, so that the failure to instruct on this element is both actual and clear. Given that the issue of negligence in this case was both complex and close, we believe that the error was also prejudicial.

Our conclusion that the district court's error in this case was "plain" does not end our analysis, as we must still decide whether to exercise our discretion to correct the error. *Paul*, 37 F.3d at 500 (citation omitted) ("[E]ven if the error is plain and affects substantial rights, we have authority to order

correction, but are not required to do so."). We are advised to do so "in cases in which a miscarriage of justice would otherwise result." *Id.* Throughout the trial, Shortman contended that he was not driving the truck, and that his only act of negligence was falling asleep behind the wheel of a parked vehicle; under the district court's instructions, the jury could have easily found Shortman guilty because he did this act "without due caution." We believe that allowing his conviction to stand on this lesser showing would be a "miscarriage of justice."

**REVERSED AND REMANDED.**[2]

---

1. We believe that Shortman properly raised the issue before *this* court. Although we agree that Shortman did no more than mention this error in his opening brief, "we have discretion to consider improperly presented claims of error where the appellee is not misled and the issue has been fully explored." *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1176 (9th Cir.1996); *Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327, 1332

(9th Cir.1981). Because the Government addressed the "gross negligence" argument in its brief, we do not believe that it was mislead by Shortman's opening brief. We therefore exercise our discretion to hear this issue.

2. In light of our holding, we need not reach the other issues raised in Shortman's appeal.