UNITED STATES of America,
Plaintiff—Appellee,

v.

Lanis Richard METTEER, aka Lanis
Richard, Defendant—Appellant.

No. 03–30446.

D.C. No. CR–02–00106–GMK.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 1, 2004.*

Decided Nov. 12, 2004.

Michael W. Mosman, Esq., USPO—Office of the U.S. Attorney Mark O. Hatfield, U.S. Courthouse, Portland, OR, for Plaintiff–Appellee.

Terrance L. McCauley, Esq., Estacada, OR, for Defendant–Appellant.

Before FERGUSON, TROTT, and KLEINFELD, Circuit Judges.

MEMORANDUM **

We affirm the District Court's denial of Metteer's motion to dismiss the indictment as to the 26 U.S.C. § 7212(a) violation.

The indictment sufficiently alleged all of the essential elements of a § 7212(a) offense.[1] The indictment sufficiently alleged the particular methods Metteer used to "corruptly ... endeavor to obstruct or impede the due administration of [the tax laws]."[2] The indictment alleged that "[a]ware of Internal Revenue Service inquiries into his tax liability," Metteer corruptly endeavored to obstruct and impede the due administration of the tax laws by actively trying to hide his interest in income and assets through misleading means. This language, in the context of the rest of the indictment, alleged a suffi-

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *United States v. Keith,* 605 F.2d 462, 464 (9th Cir.1979).

2. 26 U.S.C. § 7212(a).

cient nexus between the corrupt endeavor and the due administration of the tax laws.[3]

The indictment also was not insufficient for failing to allege that Metteer intended to improperly influence a government official because § 7212(a) imposes no such requirement. Nor did the indictment fail because the conduct it alleged was private, lawful, financial conduct that cannot constitute corrupt obstruction of the due administration of the tax laws. The indictment did not charge potentially innocent conduct because it alleged that "[a]ware of Internal Revenue Service inquiries into his tax liability," Metteer utilized "bogus trusts" and "misleading liens" to "hide" his interest in income and assets.

AFFIRMED.

---

**3.** *See United States v. Aguilar* 515 U.S. 593, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995) (Interpreting 18 U.S.C. § 1503, an obstruction of justice statute with similar "corruptly endeav-oring" language, to require that there be a nexus between the corrupt endeavor and the judicial proceedings).