UNITED STATES of America, Plaintiff-Appellee,

v.

Ronnie D. DREW, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Duane DREW, Defendant-Appellant.

Nos. 83–1131, 83–1146.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 18, 1983.

Decided Dec. 27, 1983.

Sandra Teters, Asst. U.S. Atty., San Francisco, Cal., for defendants-appellants.

Jerrold M. Ladar, Gordon D. Lapides, San Francisco, Cal., for plaintiff-appellee.

Before KENNEDY and ALARCON, Circuit Judges, and HAUK,* District Judge.

HAUK, District Judge:

Before us are the separate appeals of defendants/appellants from their respective convictions on substantive charges of violations of 18 U.S.C. § 2314, which, in pertinent part, provides:

> 18 U.S.C. § 2314. Transportation of stolen goods, securities, moneys, fraudulent State tax stamps, or articles used in counterfeiting
>
> "Whoever, with unlawful or fraudulent intent transports in interstate ... commerce any falsely made, [or] forged securities ..., knowing the same to have been falsely made [or] forged ... [s]hall be fined not more than $10,000 or imprisoned not more than ten years, or both.

They also appeal from their joint convictions of a charge of conspiracy to violate the aforesaid 18 U.S.C. § 2314.

In these appeals defendants contest their respective convictions on the ground that the indictment setting forth these charges (Counts Two and Five—Ronnie D. Drew) and (Counts Three, Four and Six—Duane Drew) fails to include the statutory language *"with unlawful or fraudulent intent,"* and that this omission so taints the respective substantive convictions that they must be overturned.

Of course, the defendants also seek reversal of their joint conspiracy convictions under Count One (18 U.S.C. 371—conspiracy to violate 18 U.S.C. 2314), in that the language in Count One is identical to the language in Counts Two through Six, in omitting the statutory language *"with unlawful or fraudulent intent."*

The Government replies that although the Indictment does not include the precise statutory language *"with unlawful or fraudulent intent,"* nevertheless the Counts do include charges that the defendants performed the prohibited activities *"knowingly and wilfully"* and that the defendants well knew the securities to have been falsely made, and forged. The Government, therefore, contends that the language of the Indictment was sufficient to adequately apprise the defendants of the charges against them, such that they were able to fully prepare their defenses. We agree.

■ While an indictment may be insufficient if it fails to allege an essential element of the offense, *United States v. Keith,* 605 F.2d 462 (9th Cir.1979), nevertheless "an indictment should be read in its entirety, construed according to common sense and interpreted to include facts which are necessarily implied." *United States v. Christopher,* 700 F.2d 1253 (9th Cir.), *cert. denied* —— U.S. ——, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983).

---

* Honorable A. Andrew Hauk, Senior United States District Judge, Central District of California, sitting by designation.

In *Keith, supra,* the defendant was charged with involuntary manslaughter. The indictment, tracking the words of the applicable statute *verbatim,* charged that the defendant had operated his vehicle "without due caution and circumspection." The usual legal implications of this phrase is that of mere negligence. *Keith,* 605 F.2d at 463. Courts, however, have put a judicial gloss on this phrase in the particular context of the involuntary manslaughter statute; gross negligence, not just ordinary negligence, must be shown. *Keith,* 605 F.2d at 463–64. Thus, the import of Keith's indictment was that he was to be subjected to a lesser legal standard than was actually the case. *But see United States v. Hester,* 719 F.2d 1041 at 1043 (9th Cir.1983) (judicial gloss of sexual intent not required in child molestation indictment).

In our case, the indictment does not track the words of the statute *verbatim.* The indictment's language does, however, carry with it the precise intendment of the elements of the statute. The legal definition of the word "wilful" in the criminal context includes a specific intent to do an act forbidden by law. E. Devitt & C. Blackmar, Federal Jury Practice & Instructions § 14.06 (3rd ed. 1977); Black's Law Dictionary 1434 (5th ed. 1979); *Screws v. United States,* 325 U.S. 91, 101, 65 S.Ct. 1031, 1035, 89 L.Ed. 1495 (1945). A common sense reading of the indictment comports with this interpretation. In support of our analysis, we compare *U.S. v. Keith, supra,* with the case of *U.S. v. Broncheau,* 597 F.2d 1260 (9th Cir.1979). In *Broncheau,* the Court held that the defendant "had adequate notice of his classification as an Indian [for purposes of federal jurisdiction, because] ... the term 'Indian,' as judicially developed from 1845 to the present, has a meaning sufficiently precise for a man of average intelligence to 'reasonably understand that his contemplated conduct is proscribed.'" [Citation omitted.] 597 F.2d at 1263.

In contrast, the phrase from the indictment in *Keith,* "without due caution and circumspection," "has not been consistently defined by judicial decision to include the knowledge requirement of § 1112." 605 F.2d at 465.

Because the indictment here states in both legal and common terms the implicit requirement made explicit in the statute, we find it to be sufficient.

We further find that the indictment, when taken together with the thorough and comprehensive instructions by the trial Court, clearly and completely set forth the essential elements of the offenses charged so that the jury could and did understand that the phrase "with unlawful or fraudulent intent" was an essential element of those offenses.[1]

---

1. It should be noted that here the trial Judge instructed the jury, in pertinent part, with respect to each offense charged:

    Proof of a violation of Title 18 U.S.Code, Section 2314 as charged in Counts II through VI of the indictment requires the establishment of the following elements:

    *One,* unlawful or fraudulent intent;

    *Two,* Transportation in interstate commerce;

    *Three,* any falsely made or forged securities with knowledge that the securities were falsely made or forged.

    Each element must be established beyond a reasonable doubt.

    The trial court then went on to define the words *"knowingly"* and *"wilfully,"* using the standard Devitt and Blackmar, *Federal Jury Practice and Instructions* (3d ed. 1977), §§ 14.-04 and 14.06:

    An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

    The purpose of adding the word "knowingly" was to insure that no one would be convicted for an act done because of mistake or accident or other innocent reason.

    As stated before, with respect to an offense such as charged in this case, specific intent must be proved beyond a reasonable doubt before there can be a conviction. *Id.,* at § 14.04

    *       *       *       *       *       *

    An act or a failure to act is "wilfully" done if done voluntarily and intentionally and with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done, that is to say, with bad purpose either to disobey the law or to disregard the law. *Id.,* at 14.06

Accordingly, we hold that the language of the Indictment was sufficient to put the defendants on notice of the charges against them, and when coupled with the Court's instructions adequately informed the jury of the requisite elements of the offenses charged. The appeals of both defendants are thus lacking in merit, and the judgment of the District Court must therefore be and is hereby:

AFFIRMED.

Finally, the trial Court gave a definitive instruction on "with intent to defraud":

To act "with intent to defraud" means to act wilfully and with the specific intent to deceive or cheat, ordinarily for the purpose of either causing some financial loss to another or bringing about some financial gain to one's self. However, the evidence in the case need not establish that the United States or any person is actually defrauded; only that the accused acted with the intent to defraud. *Id.,* § 16.05.