24 F.3d 252
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James Ray WILEY, Petitioner-Appellant,
v.
Robert G. BORG, Attorney General, Respondent-Appellee.
 No. 93-16906.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 28, 1994.
 
 Before: POOLE, BEEZER and T.G. NELSON, Circuit Judges.
 
 
 1
 James Ray Wiley appeals the district court's denial of his petition for writ of habeas corpus. Wiley contends, first, that the Double Jeopardy Clause barred his retrial on felony-murder charges and, second, that the charging instrument alleged an offense different from the offense of conviction. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 2
 We review de novo the district court's denial of a petition for a writ of habeas corpus. Taylor v. Kincheloe, 920 F.2d 599, 601 (9th Cir.1990).
 
 
 3
 * Facts
 
 
 4
 Wiley and three codefendants were tried in 1985 on charges of robbery, burglary and murder. The jury returned verdicts of guilty on the robbery and burglary counts, and deadlocked on the murder count. The trial court subsequently declared a mistrial. Following a second trial, the jury convicted Wiley and two of his codefendants of felony-murder.
 
 II
 Double Jeopardy
 
 5
 Wiley argues that, by failing to convict him of murder at his first trial, the jury implicitly acquitted him of that charge, thus triggering protections against double jeopardy. We disagree. "[R]etrials following hung juries do not cause double jeopardy because the failure of the jury to reach a verdict means that jeopardy has not yet terminated." United States v. Seley, 957 F.2d 717, 719-20 (9th Cir.1992) (citing Richardson v. United States, 468 U.S. 317, 324-25 (1984)).
 
 
 6
 Wiley further contends that, under Grady v. Corbin, 495 U.S. 508 (1990), the prosecution at his second trial placed him in double jeopardy by adducing evidence of crimes for which he had already been tried. We disagree. The Supreme Court has expressly overruled Grady, and returned double jeopardy analysis to the traditional standard announced in Blockburger v. United States, 284 U.S. 299, 304 (1932). United States v. Dixon, 113 S.Ct. 2849 (1993). The Double Jeopardy Clause prevents a defendant from being prosecuted twice for the same offense. Under Blockburger, there are two offenses if "each statute [under which a defendant is charged] requires proof of an additional fact which the other does not." Brown v. Ohio, 432 U.S. 161, 166 (1977). We are well satisfied that the statutes under which Wiley was charged meet that test. A conviction of murder clearly requires proof of a killing, an element not implicated in either robbery or burglary. Thus, we conclude Wiley's second trial for murder did not place him in double jeopardy.
 
 III
 Fair Notice
 
 7
 The Sixth Amendment guarantees the accused the right to be informed of the charge " 'with sufficient clarity to apprise [him] of what to defend against.' " Miller v. Stagner, 757 F.2d 988, 994 (9th Cir.1985) (quoting Russell v. United States, 369 U.S. 749, 763-64 (1962)), cert. denied, 475 U.S. 1048 and 1049 (1986). In determining the sufficiency of an indictment or an information, the court will construe it using common sense. United States v. Drew, 722 F.2d 551, 552-53 (9th Cir.1983), cert. denied, 467 U.S. 1216 (1984).
 
 
 8
 Here, Wiley was charged with murder, in violation of section 187 of the California Penal Code.[1] He claims breach of his constitutional right to adequate notice of the charge against him because his indictment did not list felony-murder.
 
 
 9
 In Sheppard v. Rees, 909 F.2d 1234, 1236 n. 2 (9th Cir.1989), we indicated that constitutionally adequate notice of a felony-murder charge could be provided to a defendant through the proceedings. We are satisfied that the evidence of robbery and burglary presented at Wiley's trial provided him adequate notice that the prosecutor might rely on a felony-murder theory. See Morrison v. Estelle, 981 F.2d 425, 428 (9th Cir.1992). The Sixth Amendment requires no more.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 189 provides that "all murder ... which is committed in the perpetration of, or attempt to perpetrate, arson, rape, robbery, burglary, mayhem, ... is murder of the first degree." Cal.Pen.Code Sec. 189 (Deering) 1985