33 F.3d 60
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kent HARPER, Defendant-Appellant.
 No. 93-10495.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 13, 1994.
Decided Aug. 15, 1994.
 
 Before: FERNANDEZ, RYMER and T.G. NELSON, Circuit Judges
 MEMORANDUM*
 Kent Harper appeals his jury conviction for mail fraud, equity skimming and conspiracy to commit mail fraud and equity skimming in violation of 18 U.S.C. Secs. 371 and 1341, 12 U.S.C. Sec. 1709-2, and 18 U.S.C. Sec. 2.[1] We affirm his convictions.
 A. Sufficiency of the Indictment
 To adequately allege a violation of the mail fraud statute, the indictment must contain sufficient facts from which two elements can be found: (1) the formation of a scheme or artifice to defraud, and (2) use of the mails in furtherance of that scheme. United States v. Mitchell, 744 F.2d 701, 703 (9th Cir.1984). The indictment alleges those elements. We have held that in mail fraud, "the intent must be to obtain money or property from the one who is deceived." United States v. Lew, 875 F.2d 219, 221 (9th Cir.1989). The indictment alleges that Harper falsely and fraudulently led the homeowners to believe that foreclosure could be delayed, avoided or taken off their credit records "for the purpose of inducing [them] to deed and transfer their property" to him; and that renters were "evicted and [ ] defrauded of rental payments and security deposits previously paid" when the homes were foreclosed upon. The mail fraud charges are sufficient.
 In order to allege a charge of equity skimming, an indictment must set forth a pattern or practice of (1) purchasing dwellings secured by a mortgage or deed of trust insured or held by the Secretary of Housing and Urban Development or the Veterans' Administration, where the loan is in default or is placed in default within one year following the purchase; (2) failing to make payments on the mortgage or deed of trust as the payments become due; and (3) applying rents obtained from such dwellings for individual use. 12 U.S.C. Sec. 1709-2; see United States v. Laykin, 886 F.2d 1534, 1537 (9th Cir.1989), cert. denied, 496 U.S. 905, 110 S.Ct. 2586, 110 L.Ed.2d 267 (1990). The indictment tracks the statute, alleging that Harper purchased dwellings and within one year thereafter the VA and HUD insured loans on the homes were in default, that he knowingly failed to make payments on the mortgages as they became due, and that he rented the properties and applied the rents to his own use. The indictment therefore is sufficient to state an equity skimming charge as well.
 The conspiracy charge does not incorporate by reference the allegations in support of the underlying mail fraud and equity skimming charges; instead, it references the mail fraud and equity skimming statutes and alleges that Harper and Spotswood knowingly conspired to violate them by acquiring certain named properties. That is not fatal to the indictment's validity. The purpose of an indictment is to state the elements of the offense charged with sufficient clarity to apprise a defendant of the charge against him, which can be done by reading the indictment in its entirety and construing it according to common sense. United States v. Thomas, 893 F.2d 1066, 1070 (9th Cir.), cert. denied, 498 U.S. 826, 111 S.Ct. 80, 112 L.Ed.2d 53 (1990). Because the specifics of the mail fraud and equity skimming charges can be gleaned elsewhere in the indictment, the conspiracy charge is not deficient. See id.; United States v. Drew, 722 F.2d 551, 552-53 (9th Cir.1983), cert. denied, 467 U.S. 1216, 104 S.Ct. 2661, 81 L.Ed.2d 367 (1984); United States v. Pheaster, 544 F.2d 353, 360-61 (9th Cir.1976), cert. denied, 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977).
 B. Sufficiency of the Evidence
 Harper contends that the mail fraud counts were not supported by the evidence because the government failed to show that the homeowners had lost something of value. In that he errs. The homeowners testified that they would not have transferred their properties to Harper if they had known, contrary to Harper's representations, that the transfers would not eradicate their obligations on the loans. Because Harper's misrepresentations deprived the homeowners of their properties, his mail fraud convictions are supported by the evidence. See United States v. Bruchhausen, 977 F.2d 464, 469 (9th Cir.1992) (Fernandez, J., concurring; Kozinski, J., joining); see also Borre v. United States, 940 F.2d 215, 222 (7th Cir.1991); United States v. Schwartz, 924 F.2d 410, 421 (2d Cir.1991).
 
 
 1
 Likewise, Harper's equity skimming conviction is supported by the evidence. His contention that he made no "purchase" within the meaning of the statute because he acquired the homes while their loans were in default ignores the clear language of the statute. The statute makes it a crime to "purchas[e] one- to four-family dwellings ... which are subject to a loan in default at time of purchase," fail to make payments on the federally-insured loan, "regardless of whether the purchaser is obligated on the loan," and apply the rents from the buildings to the purchaser's own use. 12 U.S.C. Sec. 1709-2. The statute therefore explicitly criminalizes transfers made while loans are in default. See United States v. Berg, 390 F.Supp. 8 (C.D.Cal.1975), aff'd, 539 F.2d 718, 719 (9th Cir.1976). Furthermore, the mere fact that property is in foreclosure proceedings does not establish that the owner has nothing to sell. The evidence was sufficient to support Harper's equity skimming conviction.
 
 C. Mail Fraud Instruction
 
 2
 The district court declined to give the mail fraud instruction proposed by Harper. The court nonetheless gave another instruction to the same effect; that is, that the defendant's scheme was to obtain money or property from a party by "making false promises or statements to that party...." The district court therefore did not err by failing to give Harper's requested "theory of the defense" instruction because it incorporated the theory into another instruction it did give to the jury. See United States v. Lopez, 885 F.2d 1428, 1434 (9th Cir.1989), cert. denied, 493 U.S. 1032, 110 S.Ct. 748, 107 L.Ed.2d 765 (1990), overruled on other grounds, Schmuck v. United States, 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989); United States v. Kenny, 645 F.2d 1323, 1337 (9th Cir.), cert. denied, 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 425 (1981).
 
 D. Motion for New Trial
 
 3
 Harper argues that the district court abused its discretion by declining to declare a mistrial based on unauthorized contacts between the case agent and the jurors and improper argument during the government's closing statement.
 
 
 4
 A reviewing court will not disturb on appeal a trial court's denial of a mistrial where "extraneous information [shared by a juror and a witness] relates only to issues not material to the guilt or innocence of the defendant." United States v. Crisco, 725 F.2d 1228, 1233 (9th Cir.), cert. denied, 466 U.S. 977, 104 S.Ct. 2360, 80 L.Ed.2d 832 (1984). The conversations between the jurors and Agent Bradley were unrelated to the legal issues at trial, and extrinsic material was not submitted to the jury. It therefore cannot be said that the court abused its discretion by determining that prejudice mandating a mistrial was not shown. See id. (contact between government witness and jurors); United States v. Madrid, 842 F.2d 1090, 1093-95 (9th Cir.) (ex parte communication between juror and court clerk), cert. denied, 488 U.S. 912, 109 S.Ct. 269, 102 L.Ed.2d 256 (1988); United States v. Endicott, 869 F.2d 452, 457 (9th Cir.1989) (contact between principal government witness and juror). But see Rinker v. County of Napa, 724 F.2d 1352, 1353-54 (9th Cir.1983) (per curiam) (contact between party and juror creates a rebuttable presumption of prejudice).
 
 
 5
 Harper objects to a portion of the prosecutor's closing argument as to which the district court sustained Harper's objection. Harper contends, however, that the district court should have granted him a new trial because the prosecutor's comment referred to excluded evidence and implied that Harper's objection to that evidence, although sustained, was hypertechnical and unsupported. However, the few objectionable words, coming as they did at the end of a two-month trial and in the middle of a lengthy closing argument, were not likely to prejudice the jury against Harper or to deprive him of a fair trial. See United States v. Makhlouta, 790 F.2d 1400, 1403 (9th Cir.1986). The district court did not abuse its discretion when it denied Harper's motion for new trial.
 
 AFFIRMED.[2]
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Harper has also challenged his sentence under the Sentencing Guidelines. We have addressed that challenge in a separate published opinion filed this date
 
 
 [2]
 In a separate opinion filed this date, however, we vacate and remand the district court's sentencing determination