64 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gilbert H. ARREAZOLA, Defendant-Appellant.
 No. 94-30440.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 9, 1995.*
Decided Aug. 11, 1995.
 
 Before: WRIGHT, BEEZER and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arreazola was convicted of conspiracy to distribute cocaine. He appeals, arguing that the court erred in allowing testimony regarding a 1991 conversation he had with Undercover Officer Alverado. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 1. TESTIMONY AS DIRECT EVIDENCE OF CHARGED CONSPIRACY
 
 
 4
 Counsel for Vassar, a co-defendant, requested a change to one jury instruction to clarify the dates of the charged offense under Count IV. The Government conceded that the "beginning at a time unknown but since" language in Counts II and IV limited the beginning dates of each of those charges.[1] Because it would defy common sense to construe differently identical language in each count within the same indictment, Count I must also be construed to mean that the conspiracy began on or after August, 1992. See United States v. Drew, 722 F.2d 551, 552 (9th Cir.1983), cert. denied, 467 U.S. 1216, 104 S.Ct. 2666 (1984). Therefore, Officer Alverado's testimony regarding acts occurring in 1991 could not have been admitted as direct evidence of a conspiracy that did not begin until 1992.
 
 2. TESTIMONY AS EXTRINSIC ACTS EVIDENCE
 
 5
 A court may admit evidence of extrinsic acts if it is used for purposes such as to prove ... intent, ... [or] knowledge.... Fed.R.Evid. 404(b). In deciding whether to admit 404(b) evidence, the court must first determine if (1) the evidence tends to prove a material point; (2) the extrinsic act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged. United States v. Mayans, 17 F.3d 1174, 1181 (9th Cir.1994) (citations omitted).
 
 
 6
 Alverado's testimony meets that test. First, it was relevant to establish that Arreazola identified himself as a cocaine supplier, and was relevant to his knowledge and intent. Second, Alverado testified to a conversation that took place only one year before the charged offense. See United States v. Spillone, 879 F.2d 514, 519 (9th Cir.1989), cert. denied, 498 U.S. 864 (1990) (allowing evidence of extrinsic acts over 10 years old when the extrinsic act was in close similarity to the offense currently charged). Third, the evidence was sufficient for a jury reasonably to conclude that the acts occurred and that Arreazola was the actor.[2] Finally, the testimony revealed similarities to the charged conspiracy: Arreazola's intent to distribute cocaine; his use of Steve Catuiza as a go-between; and his distribution of cocaine in Washington. The court did not abuse its discretion in admitting the evidence pursuant to Fed.R.Evid. 404(b). United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993).
 
 
 7
 3. FAILURE TO PERFORM 403 BALANCING TEST WAS HARMLESS
 
 
 8
 The court failed to perform a balancing test pursuant to Fed.R.Evid. 403 to determine whether the danger of unfair prejudice from Alverdo's testimony substantially outweighed its probative value. Mayans, 17 F.3d at 1183 (citations omitted). Although the court need not "provide a detailed or even a mechanical recitation of the Rule 403 factors, ... it was required" to at least perform the test. Id.
 
 
 9
 Five coconspirators identified Arreazola as a member of a drug-trafficking conspiracy. They described repeated trips to buy cocaine from the defendant or to deliver it to Washington. Several witnesses corroborated one another about their involvement with the defendant. Telephone records directly linked the defendant to the witnesses, especially as they traveled to and from Madera. Business records confirmed the witnesses' testimony about their travel. Defense counsel vigorously cross-examined Alverado, establishing that no money or drugs changed hands during the 1991 conversation. It is more probable than not that the jury would have convicted Arreazola without Alverado's testimony. The court's error in failing to balance was harmless. Arambula-Ruiz, 987 F.2d at 605.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Count IV charged use of a firearm, "beginning at a time unknown but since May of 1993 through July 26, 1993." The Government said that it read the count as charging, "the period between May and July 26." TR 751-752
 
 
 [2]
 Arreazola does not dispute that the acts took place. He takes issue only with the inference the jury may have drawn from the testimony