145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Al WADDELL, Defendant-Appellant.
 No. 97-10076.
DC No. CR-85-00127-RMB.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1998**.
Decided May 19, 1998.
 
 1
 Appeal from the United States District Court for the District of Arizona Richard M. Bilby, District Judge, Presiding.
 
 
 2
 Before GOODWIN and PREGERSON, Circuit Judges, GONZALEZ,*** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 1. The district court properly determined that Al Waddell voluntarily, knowingly, and intelligently waived his Sixth Amendment right to counsel. A defendant's waiver of his Sixth Amendment right to counsel must be "voluntary, knowing, and intelligent." United States v. Robinson, 913 F.2d 712, 714 (9th Cir.1990).
 
 A. Voluntary Waiver:
 
 5
 Both the magistrate and the district judges gave Waddell three options: (1) to retain "licensed" counsel of his choice; (2) to seek appointment of a public defender; or (3) to proceed pro se. Because Waddell turned down the option of retaining "licensed" counsel and refused to complete a financial affidavit necessary to seek the appointment of a public defender, he voluntarily opted to represent himself.
 
 B. Knowing and Intelligent Waiver
 
 6
 A criminal defendant must be aware of the nature of the charges against him, the possible penalties, and the dangers and disadvantages of self-representation. See United States v. Balough, 820 F.2d 1485, 1488 (9th Cir.1987). Both the magistrate and the district court fully explained to Waddell the nature of the charges, the possible penalties, and the benefits of having assistance of counsel as opposed to proceeding pro se. The record shows that the district court told Waddell that he was confronted with a serious matter and faced serious punishment. The record as a whole shows that Waddell knowingly and intelligently waived his right to counsel.
 
 
 7
 Moreover, as an added safeguard, the district court appointed advisory counsel who assisted Waddell throughout the proceedings by presenting arguments before the court and drafting jury instructions.
 
 
 8
 2. Waddell was properly convicted under 18 U.S.C. § 924(a)(1)(A).[1] The plain language of § 924(a)(1)(A) does not require that the jury be instructed on "materiality" to sustain a conviction under this section.
 
 
 9
 Despite the plain language of § 924(a)(1)(A), Waddell argues that the phrase "whoever knowingly makes a false statement," imposes the element of materiality. This court has held that an "act is done 'knowingly' if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason." United States v. Drew, 722 F.2d 551, 553 fn. 4 (9th Cir.1983). Here, Waddell voluntarily and intentionally identified himself with the alias Steve Scott and wrote a false address knowing that such identification and location were false. Moreover, Waddell's requested jury instruction on the elements of a § 924(a)(1)(A) offense included the word "knowingly" without mentioning "materiality."
 
 
 10
 Waddell also argues that sections 18 U.S.C. §§ 1623 and 1001 are analogous to § 924(a)(1)(A). Unlike § 924(a)(1)(A), however, the plain language of §§ 1623 and 1001 expressly include the words "false material" or "material fact," whereas § 924(a)(1)(A) does not contain such express language. Had Congress intended to require the element of materiality in § 924(a)(1)(A) as it has for §§ 1623 and 1001, it would have said so.
 
 
 11
 3. Waddell was properly convicted under 26 U.S.C. §§ 5861(d) and 5871 for possessing an unregistered machine gun. Waddell argues that he is entitled to a reversal of his conviction because of the unavailability of the portion of the transcript that related to Waddell's failure to register the gun with Bureau of Alcohol, Tobacco, and Firearms. The government asserts that it introduced evidence that the machine gun had not been registered to Waddell. The government agrees that the transcript of the trial, which occurred over twelve years ago, is unavailable.
 
 
 12
 The burden of providing an adequate record on appeal is placed on the appellant under Rule 10(c) of the Federal Rules of Appellate Procedure which states:
 
 
 13
 If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments thereto within 10 days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the district court in the record on appeal.
 
 
 14
 Fed. R.App. P. 10(c) (emphasis added). Waddell has failed to comply with this requirement.
 
 
 15
 Waddell also incorrectly argues that the burden is on the government to develop the record. But under Rule 10(c), that burden--which Waddell has failed to carry--is on Waddell.
 
 AFFIRMED
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * Honorable Irma E. Gonzalez, United States District Judge for the Southern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In 1982, Waddell was convicted of violating 18 U.S.C. § 924(a). Since 1982, § 924(a) has been amended several times. However, no substantial differences exist between the 1982 and the 1998 versions. Thus, in reviewing Waddell's claim on appeal, this memorandum disposition refers to the 1998 version, § 924(a)(1)(A)