**UNITED STATES of America, Appellee,**

v.

**Clarence Frederick SCHMIDT, Appellant.**

**No. 80–1257.**

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1980.

Decided July 31, 1980.

David L. Bergren, Bergren & Duffy, Fort Pierre, S. D., for appellant.

Dawn R. Bowen, Asst. U. S. Atty., Pierre, S. D. (argued), and Terry L. Pechota, U. S. Atty., Sioux Falls, S. D., on brief, for appellee.

Before LAY, Chief Judge, STEPHENSON, Circuit Judge, and HANSON,* Senior District Judge.

HANSON, Senior District Judge.

At about midnight on June 30–July 1, 1979, one Mark Von Heeder was driving his car eastward on U. S. Highway 18 out of Mission, South Dakota, within the confines of the Rosebud Indian Reservation. He was carrying one passenger. As Von Heeder approached the Antelope Housing Community, less than a mile east of Mission, a car driven by appellant Clarence Frederick Schmidt, carrying four passengers, crossed the highway in front of him, proceeding southward out of the north turnoff to the Antelope Community. Von Heeder's car hit Schmidt's in its right rear quarter panel, turned over several times, and came to rest on its side off the southeast corner of the intersection; Schmidt's car veered into a field on the southwest side of the highway. Von Heeder died at the scene of the accident, apparently from a broken neck. There were no other fatalities.

▮ Schmidt, an Indian, was charged by grand jury indictment with one count of involuntary manslaughter in violation of 18 U.S.C. §§ 1153 and 1112. The indictment charged that he

did unlawfully kill a human being while engaging in the commission in an unlawful manner and without due caution and circumspection, of a lawful act which might produce death, to-wit: in operating or driving a motor vehicle while under the influence of intoxicants, and without due caution and circumspection, and as a result did collide with an automobile, which caused the death of Mark D. Von Heeder, a human being  .  .  . .

Trial was to a jury upon Schmidt's plea of not guilty; the jury returned a verdict of guilty. This appeal is from the judgment of conviction entered on that verdict. The only issue is whether the evidence is sufficient to sustain the conviction.[1] Specifically, Schmidt's argument is that the evidence proves his simple negligence at most, but not the gross negligence required for conviction of involuntary manslaughter under 18 U.S.C. § 1112. It is established that conviction of this crime requires adequate proof that the defendant acted grossly negligently in that he acted with a wanton or reckless disregard for human life, knowing that his conduct was a threat to the lives of others or having knowledge of such circumstances as could reasonably have enabled him to foresee the peril to which his act might subject others. See United States v. Keith, 605 F.2d 462 (9th Cir. 1979) and cases cited therein. The district court so instructed the jury.

▮ As Schmidt acknowledges, the verdict of the jury must be sustained if there is substantial evidence in the record to support it, taking the view of the evidence most favorable to the government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 470, 86 L.Ed. 680; United States v. Cox, 580 F.2d 317, 323 (8th Cir. 1978), cert. denied, 439 U.S. 1075, 99 S.Ct. 851, 59 L.Ed.2d 43 (1979). Taking that view, and recognizing that there are conflicts in the testimony, we find substantial support in the evidence for each of the following propositions: that Schmidt was intoxicated at

---

* The Honorable William C. Hanson, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. We do not consider that Schmidt has properly presented for review the separate issue of the propriety of the district court's admission of certain evidence of the way Schmidt was driving shortly before the accident. He has not, for example, listed this issue in his statement of issues presented, see Rule 28(a)(2), F.R.App.P.; he has merely "urge[d] without additional argument," at the end of his brief, that the district court erred in ruling that the evidence could come in. In any case, we see no reversible error in the ruling.

the time of the accident; that the brakes on the car he was driving were not in proper working order and had indeed failed to work properly earlier in the evening while Schmidt was driving the car; that immediately before the accident Schmidt "took off fast" toward the highway from a point about 100 feet north of it; that he proceeded across the highway without stopping at the stop sign posted for his lane of traffic; and that he knew or should have known Von Heeder's car was approaching because the passenger sitting with him in the front seat saw Von Heeder's headlights and warned Schmidt to stop by using the emergency brake if necessary. We hold that the jury could conclude from this evidence, taking the rest of the evidence into consideration, that Schmidt was beyond a reasonable doubt guilty of a wanton or reckless disregard for human life, and that he knew his conduct was a threat to the lives of others or had knowledge that could reasonably have enabled him to foresee the peril. This disposes of the only question raised by Schmidt on appeal. Accordingly, the judgment of conviction must be affirmed.

■ We recognize that Von Heeder's own negligence may have contributed to the accident: there is evidence, stressed by Schmidt, that Von Heeder too was intoxicated, and that he did not apply his brakes or make any attempt to swerve before hitting Schmidt. This evidence was properly admitted at trial for the purpose of enabling the jury to determine whether, under all the circumstances of the case, Schmidt's actions were grossly negligent, and whether, if so, there was a sufficiently close causal connection between Schmidt's negligence and Von Heeder's death to hold Schmidt accountable under the manslaughter statute.[2] We do not see, however, that the evidence of Von Heeder's contributory negligence should in any way disturb our holding. On the one hand, the evidence does not detract from the independent evidence that Schmidt was himself grossly negligent. On the other hand, while evidence of the decedent's contributory negligence might in some manslaughter cases raise serious questions about the defendant's causal responsibility for the accident, no such question is brought before us in this appeal, either by way of a challenge to the district court's instructions on causation or by way of a challenge to the sufficiency of the evidence of causation. There is ample evidence to sustain the conviction under the district court's principal causation instruction, to-wit:

> To find the defendant guilty of involuntary manslaughter you must be convinced beyond a reasonable doubt [that] the act or acts charged were the proximate cause of the death under such circumstances as to constitute involuntary manslaughter.

> By the proximate cause of the death is meant that which, in natural and continued sequence, or chain of events, unbroken by an efficient intervening cause, aids in producing the death, and without which it would not have occurred.[3]

Affirmed.

**2.** *See, e. g.*, the cases collected in 67 A.L.R. 922 and 99 A.L.R. 756, 833–34; *People v. Jeglum*, 41 Mich.App. 247, 199 N.W.2d 854 (1972). As these authorities also show, the contributory negligence of the decedent is not in and of itself a defense to a charge of involuntary manslaughter. *Cf. United States v. Guillette*, 547 F.2d 743 (2d Cir.), *cert. denied*, 434 U.S. 839, 98 S.Ct. 132, 54 L.Ed.2d 102 (1977); *United States v. Hamilton*, 182 F.Supp. 548 (D.D.C. 1960).

**3.** We have some difficulty with this instruction. It could be construed as importing wholesale into the criminal law the far-extended tort law concept of proximate causation; we believe that proof of some more direct causal connection between act and result should be required in criminal cases than would be sufficient to uphold liability in tort. *See Commonwealth v. Root*, 403 Pa. 571, 170 A.2d 310 (1961); *People v. Scott*, 29 Mich.App. 549, 185 N.W.2d 576 (1971); *People v. Kibbe*, 35 N.Y.2d 407, 362 N.Y.S.2d 848, 321 N.E.2d 773 (1974). Even assuming such a requirement in this case, however, we find sufficient proof in the record of Schmidt's direct causal responsibility for Von Heeder's death to sustain the conviction.