Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/19/2024 09:08 AM CST

State of Nebraska, appellee, v.
Patrick S. Tvrdy, appellant.

___ N.W.2d ___

Filed January 19, 2024.    No. S-22-901.

1. **Jury Instructions: Appeal and Error.** Whether jury instructions are correct is a question of law, which an appellate court resolves independently of the lower court's decision.

2. **Jury Instructions: Proof: Appeal and Error.** In an appeal based upon a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant.

3. **Jury Instructions: Appeal and Error.** All the jury instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and the evidence, there is no prejudicial error necessitating reversal.

4. **____: ____.** A jury instruction which misstates the issues and has a tendency to confuse the jury is erroneous.

5. **Convictions: Evidence: Appeal and Error.** Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard is the same: In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the evidence admitted at trial, viewed and construed most favorably to the State, is sufficient to support the conviction.

6. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.

7. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or

unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

8. **Sentences: Appeal and Error.** Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.

9. **Criminal Law: Homicide: Evidence.** To sustain a conviction for manslaughter, the evidence must be sufficient to justify the finding of a causal connection between the unlawful act and the death of the victim.

10. **Homicide: Motor Vehicles: Prosecuting Attorneys: Proof.** The same conduct may constitute both unlawful act manslaughter and motor vehicle homicide, and the State has the prosecutorial discretion to pursue charges for either offense. But in exercising its discretion to charge under one offense or another, the State must still prove each element of that offense beyond a reasonable doubt.

11. **Homicide: Motor Vehicles: Negligence.** Contributory negligence is not a defense to the charge of motor vehicle homicide. Rather, the issue is whether a defendant's violation of the law was a contributing factor to the death.

12. **Homicide: Motor Vehicles: Negligence: Proximate Cause.** A victim's negligence cannot act to absolve the defendant in a motor vehicle homicide case unless the actions of the victim were the sole proximate cause of the accident.

Appeal from the District Court for Lancaster County: Lori A. Maret, Judge. Affirmed.

Kristi J. Egger, Lancaster County Public Defender, Timothy M. Eppler, and Jennifer Craven, Senior Certified Law Student, for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Heavican, C.J.
## INTRODUCTION
Following a vehicle-motorcycle collision, Patrick S. Tvrdy was convicted of manslaughter in the death of the driver

of the motorcycle. Tvrdy was sentenced to 12 to 16 years' imprisonment. He appeals. We affirm.

FACTUAL BACKGROUND

At approximately 9:25 p.m. on July 30, 2020, Tvrdy was traveling eastbound in his Dodge Charger on what was then Nebraska Highway 2 (now Nebraska Parkway) in Lincoln, Nebraska. On this stretch of road, Highway 2 ran parallel to Pioneers Boulevard, which was accessed from the highway via an access road. This access road then merged with Pioneers Boulevard and continued eastbound. On this evening, Tvrdy sought to turn left across the westbound lanes of Highway 2 traffic. The intersection in question is not controlled by a traffic light.

When Tvrdy approached the left turn, he slowed, waiting for a car ahead of him to make the turn. Tvrdy then made the turn. While in the process of making the left turn, a motorcycle operated by Brady Sweetser, traveling in the westbound lanes of Highway 2, collided with the passenger-side front door of Tvrdy's vehicle. Sweetser suffered blunt force trauma in the collision and died from his injuries. There was evidence at trial that Sweetser might have been speeding, including testimony that a neighbor heard the throttling acceleration of a motorcycle immediately prior to the sound of the collision, but Sweetser's exact rate of speed was unknown.

Tvrdy was transported to a hospital with reports of head pain. He also suffered several minor cuts and abrasions. Based upon the reports of law enforcement officials who responded to the scene of the collision, it was thought that Tvrdy might be under the influence of some intoxicating substance. A preliminary breath test and other field sobriety tests were performed. Following this drug investigation evaluation, the officer conducting such tests concluded that it was her belief that Tvrdy was under the influence of marijuana. A urine test later showed the presence of "THC."

Tvrdy was initially charged with motor vehicle homicide while under the influence, a Class IIA felony.[1] The information against him was later amended to add a charge of unlawful act manslaughter,[2] with the unlawful act of driving under the influence, also a Class IIA felony.[3] The motor vehicle homicide charge was dismissed prior to trial, and Tvrdy proceeded to trial on only the manslaughter charge.

Following a jury trial, Tvrdy was found guilty of unlawful act manslaughter and was sentenced to 12 to 16 years' imprisonment. He appeals, and we moved this appeal to our docket.

## ASSIGNMENTS OF ERROR

Tvrdy assigns that the district court erred in (1) using jury instructions for motor vehicle homicide instead of manslaughter, to Tvrdy's prejudice; (2) finding sufficient evidence to support Tvrdy's conviction; and (3) imposing an excessive sentence.

## STANDARD OF REVIEW

[1-4] Whether jury instructions are correct is a question of law, which an appellate court resolves independently of the lower court's decision.[4] In an appeal based upon a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant.[5] All the jury instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and the evidence, there is no prejudicial error necessitating

---

[1] See Neb. Rev. Stat. § 28-306(3)(b) (Reissue 2016).

[2] See Neb. Rev. Stat. § 28-305 (Reissue 2016).

[3] See Neb. Rev. Stat. § 60-6,196 (Reissue 2016).

[4] *State v. Fernandez*, 313 Neb. 745, 986 N.W.2d 53 (2023).

[5] *Id*.

reversal.[6] A jury instruction which misstates the issues and has a tendency to confuse the jury is erroneous.[7]

[5] Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard is the same: In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the evidence admitted at trial, viewed and construed most favorably to the State, is sufficient to support the conviction.[8]

[6-8] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.[9] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[10] Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.[11]

## ANALYSIS

*Jury Instructions and Sufficiency of Evidence.*

In his first and second assignments of error, Tvrdy contends that the district court erroneously used jury instructions for

---

[6] *Id.*

[7] *Id.*

[8] *State v. Bershon*, 313 Neb. 153, 983 N.W.2d 490 (2023).

[9] *State v. Applehans*, 314 Neb. 653, 992 N.W.2d 464 (2023).

[10] *Id.*

[11] *Id.*

motor vehicle homicide, instead of manslaughter, and that the court further erred in finding sufficient evidence to support Tvrdy's conviction.

Tvrdy takes issue with instruction No. 5, which instructed the jury as follows:

> Under the law in Nebraska, the negligence of a victim is not a defense to a prosecution for Manslaughter unless such negligence is the sole proximate cause of the death.
>
> Such negligence, if it exists, may be considered on the issue of whether the conduct of [Tvrdy] was a proximate cause of the death of [the victim].

While agreeing that the court's instruction was a correct statement of the law in cases of motor vehicle homicide, Tvrdy contends that such statement is not correct in cases involving unlawful act manslaughter because, in those cases, "there is reason to believe that evidence of a decedent's contributory negligence may be a defense in Manslaughter cases."[12] Tvrdy reasons:

> The instruction erroneously barred the jury from considering [the victim's] negligent conduct when deciding [Tvrdy's] direct causal responsibility for the accident. Had the jury been able to consider the evidence of [the victim's] speeding, excessive and continuous acceleration, and possible lane changes, [it] likely would have reached a different verdict.[13]

Tvrdy cites to *United States v. Schmidt*,[14] in support of this assertion. In that case, the Eighth Circuit stated that such evidence of contributory negligence "might . . . raise serious questions about the defendant's causal responsibility for the accident."[15]

---

[12] Brief for appellant at 15.

[13] *Id*.

[14] *United States v. Schmidt*, 626 F.2d 616 (8th Cir. 1980).

[15] *Id*. at 618.

[9] Some background is helpful. According to statute, "A person commits manslaughter if he or she . . . causes the death of another unintentionally while in the commission of an unlawful act."[16] To sustain a conviction for manslaughter, the evidence must be sufficient to justify the finding of a causal connection between the unlawful act and the death of the victim.[17]

[10] The same conduct may constitute both unlawful act manslaughter and motor vehicle homicide, and the State has the prosecutorial discretion to pursue charges for either offense.[18] But in exercising its discretion to charge under one offense or another, the State must still prove each element of that offense beyond a reasonable doubt.[19]

[11,12] It has been a longstanding principle that contributory negligence is not a defense to the charge of motor vehicle homicide.[20] Rather, the issue is whether a defendant's violation of the law was a contributing factor to the death.[21] Thus, a victim's negligence cannot act to absolve the defendant in a motor vehicle homicide case unless the actions of the victim were the *sole* proximate cause of the accident.[22] All the jury instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and the evidence, there is no prejudicial error necessitating reversal.[23]

With these principles in mind, we turn to the arguments on appeal. Instruction No. 3 is the elements instruction for

---

[16] § 28-305(1).

[17] *State v. Hare*, 190 Neb. 339, 208 N.W.2d 264 (1973).

[18] See *State v. Carman*, 292 Neb. 207, 872 N.W.2d 559 (2015).

[19] See *id.*

[20] *State v. Brown*, 258 Neb. 330, 603 N.W.2d 419 (1999).

[21] *Id*.

[22] *Id.*

[23] *State v. Fernandez, supra* note 4.

unlawful act manslaughter. It instructed, as relevant, that the State must prove Tvrdy caused Sweetser's death, unintentionally and while in the commission of the unlawful act of driving under the influence. Instruction No. 3 concluded by noting that "[t]he burden of proof is always on the State to prove all of the material elements of the crime charged, and the burden never shifts." We observe that this instruction is not challenged on appeal.

Once again, we note instruction No. 5, which provides:

> Under the law in Nebraska, the negligence of a victim is not a defense to a prosecution for Manslaughter unless such negligence is the sole proximate cause of the death.
>
> Such negligence, if it exists, may be considered on the issue of whether the conduct of [Tvrdy] was a proximate cause of the death of [the victim].

This instruction is identical in substance to the instruction we set forth in *State v. Brown*,[24] wherein we suggested that the language be used "in such circumstances."

And although *Brown* involved a charge of motor vehicle homicide, we disagree with Tvrdy's suggestion that while the contributory negligence of the victim is not a defense to motor vehicle homicide, it is a defense to manslaughter. Contrary to Tvrdy, we do not read the Eighth Circuit's opinion in *Schmidt* to hold that contributory negligence is a defense to manslaughter.[25] Instead, we read the Eighth Circuit to have said that evidence of a victim's negligence might be relevant to whether the defendant proximately caused the death at issue. In fact, the Eighth Circuit's opinion, in a footnote, expressly rejected the notion that contributory negligence of the decedent was a defense to manslaughter.[26] Furthermore, ample authority suggests that contributory

---

[24] *State v. Brown, supra* note 20, 258 Neb. at 342, 603 N.W.2d at 428.

[25] See *United States v. Schmidt, supra* note 14.

[26] *Id*. at 618 n.2 ("the contributory negligence of the decedent is not in and of itself a defense to a charge of involuntary manslaughter").

negligence of the victim is never a defense to any criminal charge.[27] Even if there might be some exception to the rule that contributory negligence of the victim is not an available defense in criminal cases, Tvrdy has not shown that it is a defense to manslaughter.

We find no error in the giving of instruction No. 5. We agree that it was a correct statement of the law. We disagree with the assertion that the first sentence of instruction No. 5 conflicts with the second sentence and that the jury would have been confused about whether it could consider Sweetser's own negligence. The first sentence simply notes that this negligence would not be a defense to manslaughter, which is a correct statement of law. Moreover, this first sentence does not preclude the consideration of that evidence—in fact, it invites the jury to do so when determining causation. The second sentence makes it even more plain that the jury may consider that evidence to determine causation.

When read with instruction No. 3, which was not challenged, the instructions inform the jury that the State always retains the burden to prove the elements of unlawful act manslaughter (as well as driving under the influence). These elements include causation, and the State must prove that Tvrdy's actions, and not Sweetser's own negligence, were the cause of Sweetser's death.

An examination of the record shows that evidence of Sweetser's possible acceleration—both in the moments before the collision, as well as immediately preceding the

_____

[27] See, *People v. Tims*, 499 Mich. 83, 98, 534 N.W.2d 675, 681 (1995) (concluding that "[i]t appears to be the universal rule" that contributory negligence is not defense in criminal cases); *State v. Crace*, 289 N.W.2d 54, 59 (Minn. 1979) ("[i]t is well settled that the contributory negligence of the victim is never a defense to criminal prosecution"); *State v. Moore*, 106 N.W. 16, 17 (Iowa 1906) ("contributory negligence, if shown, is never a defense or excuse for crime"); 1 Wayne R. LaFave, Substantive Criminal Law § 6.5(b) at 690 (3d ed. 2018) (observing that contributory negligence defense "has no place in the criminal law").

collision—was presented to the jury. The jury was also provided evidence that over a multitude of different scenarios, based on the evidence produced at trial, there was never enough time for Tvrdy to complete his left turn without causing Sweetser—who had the right of way—to collide with him. And while the evidence as to Tvrdy's intoxication was challenged, there was sufficient evidence to support that finding. As such, Tvrdy's first and second assignments of error are without merit.

*Sentence.*

In his final assignment of error, Tvrdy assigns that his sentence of 12 to 16 years' imprisonment was excessive. Tvrdy contends that the court abused its discretion when it failed to consider Tvrdy's willingness to change, involvement in prosocial activities, education, and positive relationships.

Unlawful act manslaughter is a Class IIA felony, which is punishable by up to 20 years' imprisonment. As such, Tvrdy's sentence was within statutory limits. Moreover, the presentence report shows that Tvrdy has a criminal history entailing both multiple speeding and possession of marijuana offenses, as well as a driving under the influence offense. We find no abuse of discretion in the district court's sentence and no merit to Tvrdy's third assignment of error.

## CONCLUSION

The decision of the district court is affirmed.

AFFIRMED.