IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. HOLLAND

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

WILLIAM L. HOLLAND, APPELLANT.

Filed February 4, 2025.    No. A-24-602.

Appeal from the District Court for Lancaster County: SUSAN I. STRONG, Judge. Affirmed.

Kristi J. Egger, Lancaster County Public Defender, and Brittani E. Lewit for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

PIRTLE, BISHOP, and ARTERBURN, Judges.

PIRTLE, Judge.

## I. INTRODUCTION

William L. Holland appeals his plea-based conviction and sentence for third degree domestic assault in the district court for Lancaster County. He contends that his trial counsel was ineffective in numerous ways and that his sentence is excessive and an abuse of discretion. Based on the reasons that follow, we affirm.

## II. BACKGROUND

On September 20, 2023, the State filed an information charging Holland with two counts of assault by strangulation or suffocation, Class IIIA felonies; two counts of terroristic threats, Class IIIA felonies; and two counts of third degree domestic assault, Class I misdemeanors. All offenses were alleged to be committed against Jessica A., Holland's girlfriend.

The district court held a plea hearing on the present case, as well as two other cases against Holland. Regarding the case at issue, the parties indicated that Holland had agreed to plead no

- 1 -

contest to one count of third degree domestic assault. Before accepting Holland's plea, the district court advised him of the rights he was waiving by entering a no contest plea and advised him of the possible sentence. Holland indicated he did not have any questions about the rights he was waiving and that he and his trial counsel had discussed his rights and he did not need any more time to talk to counsel about them. Holland stated he was waiving his rights freely and voluntarily. The court then accepted Holland's waiver of his rights.

The court subsequently asked Holland questions about trial counsel's representation of him and their exchange of information. Holland indicated that he had told his counsel everything he knew about the case, that he was not aware of anything that could help him that he wanted to discuss with counsel before moving forward, that he was satisfied with the work counsel had done for him, that his counsel was competent and knew what he was doing, and that he had been given enough time to talk to counsel about the case, and he did not need any more time to talk to him about anything else.

The State offered the following factual basis for the plea:

On July 27th of 2023, officers made contact with [Jessica] She was at the area of . . . 64th Street in Lincoln, Lancaster County, Nebraska. She stated that she had been assaulted by William Holland, who was her intimate partner about two months. Officers were familiar with Jessica, as they had been on a call with her earlier in the night involving Mr. Holland, where Jessica was taken to the hospital. She stated that after leaving the hospital she was in contact with Mr. Holland who agreed to pick her up at the bus stop at 17th and A, that as soon as she entered the vehicle Mr. Holland began assaulting her and telling . . . her he was going to kill her. He stated, quote, I'm going to kill you, it's the only solution to get out of trouble, end quote; . . . this put her in fear, but that she could not leave as Mr. Holland began assaulting her. He strangled her multiple times while in the vehicle. Officers observed scratches to her neck that were not present just that evening before at the hospital. She stated that as he was driving, he indicated, quote, it'll -- you'll be so easy to kill, unquote. She was in fear of him and so therefore she jumped out of the vehicle near North 84th and Cornhusker. She contacted parties at a gas station for help, and Mr. Holland left the area. Officers observed her to have a swollen ankle, road rash and -- on various parts of her body, as well as scratches to her neck. And all those events occurred in Lancaster County, Nebraska.

The court accepted Holland's plea, found him guilty of domestic assault in the third degree, and dismissed the other five charges.

The court sentenced Holland to 365 days' imprisonment, to run consecutively to any other sentence being served by him. The court deferred the sentence until he could apply for house arrest. His application for house arrest was subsequently denied because he tested positive for controlled substances at the time he applied.

## III. ASSIGNMENTS OF ERROR

Holland assigns that he received ineffective assistance of counsel because his trial counsel: (1) failed to provide him with discovery, (2) failed to depose Jessica, (3) failed to provide the State with mitigating evidence that Holland had given to his trial counsel, (4) failed to advise him about

the possibility of house arrest prior to sentencing, (5) failed to advise him about the requirements for a defendant applying for house arrest after sentencing, and (6) instructed him to waive his right to a preliminary hearing against his expressed wishes. He also assigns that his sentence is excessive and constitutes an abuse of discretion.

## IV. STANDARD OF REVIEW

Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *State v. Clark*, 315 Neb. 736, 1 N.W.3d 487 (2024). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Tvrdy*, 315 Neb. 756, 1 N.W.3d 479 (2024). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.* Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *Id.*

## V. ANALYSIS

### 1. INEFFECTIVE ASSISTANCE OF COUNSEL

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Clark, supra*. However, the fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id.* The determining factor is whether the record is sufficient to adequately review the question under the standard of review previously noted. *Id.* The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id.*

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Clark, supra.* To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *State v. Woodruff*, 30 Neb. App. 193, 965 N.W.2d 836 (2021). When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the

defendant would have insisted on going to trial rather than pleading guilty. *Id.* The two prongs of the ineffective assistance of counsel test under *Strickland v. Washington, supra*, may be addressed in either order. *State v. Woodruff, supra.*

### (a) Failure to Provide Discovery

Holland first assigns that his trial counsel was ineffective because he failed to provide him discovery evidence which prevented him from fully comprehending the nature of the evidence against him and prevented him from making a fully informed and intelligent decision about whether to accept the plea offer. He also contends that counsel's actions were prejudicial because had counsel properly provided him with the evidence against him, he may have elected not to waive his constitutional rights and may have proceeded with a trial to produce a different outcome for him. Specifically, he argues that he may have asserted his right to a trial if he had been provided information regarding Jessica communicating an intent to repudiate her prior statements and the security footage at the gas station from July 27, 2024, depicts a different car than any in Holland's control.

We determine that the record before us is not sufficient to address on direct appeal Holland's claim that his trial counsel was ineffective for failing to provide him discovery evidence.

### (b) Failure to Depose Jessica

Holland assigns his trial counsel was ineffective for failing to depose Jessica when Holland requested such deposition, preventing him from developing potentially exculpatory evidence to use in his defense or for the purpose of plea negotiation. He further contends trial counsel's failure to depose Jessica was prejudicial because testimony may have been elicited from her which may have caused him to proceed to trial instead of entering a plea.

Again here, we determine that the record is insufficient to address on direct appeal Holland's claim that trial counsel was ineffective for failing to depose Jessica.

### (c) Failure to Provide Mitigating Evidence

Holland assigns that his trial counsel was ineffective in failing to present the State with mitigating evidence that Holland provided to his trial counsel. The evidence included text messages from Jessica threatening to call the police without appropriate cause for the purpose of revenge, text messages from Jessica describing an intent to blackmail Holland into having contact with her, text messages from Jessica indicating her romantic love toward Holland, and a letter from Jessica which sought to correct statements to law enforcement. Holland asserts that trial counsel's failure to provide this evidence to the State was prejudicial because the evidence could have been used to seek dismissal of the case or during plea negotiations and there may have been a different outcome of the case. Holland contends there is a reasonable probability that the mitigating evidence would have changed the outcome because it was "strongly relevant for the credibility of the State's key witness, [Jessica]." Brief for appellant at 27.

The State argues that the record is also insufficient to resolve this claim on direct appeal because it is unclear whether Holland's attorney failed to provide the State with mitigating evidence or why his trial counsel would fail to do so. We agree that the record is not sufficient to address this claim.

### (d) Failure to Advise About House Arrest

Holland assigns that his trial counsel was ineffective for failing to advise him about the possibility of house arrest prior to being sentenced, which prevented him from making a fully informed and intelligent decision about whether accepting a plea deal was in his best interest. He asserts trial counsel led him to the false belief that the only way for him to access treatment for his cancer was to submit a guilty plea. He contends counsel's actions were prejudicial because had counsel not misled him about the possibility of house arrest, he may have proceeded with a trial which may have produced a different outcome.

Holland's claim fails because he cannot prove that trial counsel's actions were prejudicial. Holland was charged with four felonies and two misdemeanors. Pursuant to the plea agreement, he pled no contest to one misdemeanor. He was sentenced to 365 days' incarceration in an institution under the jurisdiction of the Lancaster County Department of Corrections and given the opportunity to apply for house arrest. His application was denied due to his own behavior - testing positive for the presence of a controlled substance at the time he applied. Had he been convicted of a felony, his sentence could have been ordered to be served in the Nebraska Department of Corrections which would preclude house arrest. We conclude Holland cannot show a reasonable probability that but for the alleged errors of counsel, he would have insisted on going to trial rather than pleading guilty.

### (e) Failure to Advise About House Arrest Requirements

Holland next assigns that his trial counsel was ineffective in failing to advise him about the requirements for a defendant who is applying for house arrest, particularly that trial counsel failed to inform him that he must test negative for controlled substances at the time of application. He claims if he had known that a drug test would be administered, he would not have used controlled substances, and his application may have been approved.

We determine that trial counsel was not deficient in failing to inform Holland that he must test negative for controlled substances to be considered for house arrest. Holland alone is at fault for his failed drug test and attributing the failed test to his counsel is outside the scope of his representation. This assignment is without merit.

### (f) Waiver of Preliminary Hearing

Holland assigns that his trial counsel was ineffective in instructing him to waive his right to a preliminary hearing against his expressed wishes. He suggests he was prejudiced by counsel's actions because if there had been a preliminary hearing at least one of the charges may have been dismissed, particularly because Jessica had recanted her testimony and the vehicle transporting her on July 27, 2023, did not match the description of any vehicle Holland had access to.

Holland contends that at least one charge could have been dismissed had there been a preliminary hearing. However, pursuant to the plea agreement, five of the six charges set out in the information were dismissed, including all four of the Class IIIA felonies and one misdemeanor. Holland only pled no contest to one Class I misdemeanor. Holland cannot prove that he was prejudiced by trial counsel advising him to waive his right to a preliminary hearing. This final claim of ineffective assistance of counsel fails.

## 2. EXCESSIVE SENTENCE

Holland assigns that the sentence imposed by the district court is excessive and constitutes an abuse of discretion. He claims that the district court abused its discretion by failing to properly consider his cancer diagnosis, the level of violence involved in the offenses, his likelihood of success with probation, and his level of responsibility.

Holland was convicted of one count of third degree domestic assault, a Class I misdemeanor. He was sentenced to 365 days' imprisonment. The maximum penalty for a Class I misdemeanor is no more than one year imprisonment, a $1,000 fine, or both. Neb. Rev. Stat. § 28-106 (Reissue 2016). There is no minimum penalty. Thus, Holland's sentence is within statutory limits.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. King*, 316 Neb. 991, 7 N.W.3d 884 (2024). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.* It is not the appellate court's function to conduct a de novo review of the record to determine what sentence it would impose. *Id.*

In sentencing Holland, the district court stated that it considered the presentence investigation report, which contains all information necessary to weigh the sentencing factors. See *State v. Blaha*, 303 Neb. 415, 421, 929 N.W.2d 494, 501 (2019) ("[T]he record includes the presentence investigation report and shows that the court reviewed the entire report, which contains the information necessary to weigh the sentencing factors"). The court also stated that it considered the nature and circumstances of the crimes, and the history, character, and condition of Holland, and found that imprisonment was necessary for the protection of the public because the risk is substantial that during any period of probation he may engage in additional criminal conduct, and a lesser sentence would depreciate the seriousness of the crimes and promote disrespect for the law. The court also allowed Holland to apply for house arrest, but his application was denied because he tested positive for controlled substances at the time he applied.

There was no abuse of discretion here. So long as the trial court's sentence is within the statutorily prescribed limits, is supported by competent evidence, and is not based on irrelevant considerations, the sentence imposed is not an abuse of discretion. *State v. Halligan*, 20 Neb. App. 87, 818 N.W.2d 650 (2012). Holland's final assignment of error fails.

## VI. CONCLUSION

We conclude that Holland's ineffective assistance of counsel claims either fail or that the record is insufficient to address them on direct appeal. We also conclude that the district court's sentence was not excessive and not an abuse of discretion. Holland's conviction and sentence are affirmed.

AFFIRMED.