IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. TAMBLYN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

XANDER J. TAMBLYN, APPELLANT.

Filed February 3, 2026.    No. A-25-288.

Appeal from the District Court for Lancaster County: MATTHEW O. MELLOR, Judge. Affirmed.

Jeanelle S. Kleveland, of Kleveland Law Office, for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

PIRTLE, BISHOP, and FREEMAN, Judges.

FREEMAN, Judge.

## INTRODUCTION

Xander J. Tamblyn was convicted of third degree domestic assault. Tamblyn appeals, alleging that the district court imposed an excessive sentence. He also alleges that he was prejudiced by ineffective assistance of counsel, causing him to have an excessive sentence. For the reasons set forth below, we affirm.

## BACKGROUND

On September 22, 2023, two Lincoln, Nebraska, police officers were dispatched to a domestic assault call. When they arrived, they spoke with Malika S. Malika told police that her boyfriend, Tamblyn, had been physical with her and was preventing her from leaving. Upon initial contact, the officers observed Malika to have several old scratch marks on her face and neck. When asked what caused those, Malika stated that Tamblyn grabbed her face and choked her.

- 1 -

Malika reported that she and Tamblyn began to argue on September 21, 2023, over a "video of her and an ex-boyfriend on her phone." The argument escalated when Malika attempted to leave, at which point, Tamblyn grabbed her face. Tamblyn was able to pin Malika to the ground and, while he was on top of her, began to choke her with both hands. Malika stated that Tamblyn had slammed her head against the floor as he choked her and that she had blacked out twice during the event.

In February 2024, the State filed an information that charged Tamblyn in Lancaster County District Court with assault by strangulation, a Class IIIA felony, and third degree domestic assault, a Class I misdemeanor. In January 2025, Tamblyn pled guilty to the Class I misdemeanor in exchange for dismissal of the felony strangulation charge. The State recited the facts of the September 2023 assault to support his plea. The court ordered a presentence investigation report (PSR) and scheduled sentencing for March 20, 2025.

According to the PSR, Tamblyn was 21 years old with 2 years of college education at the time of sentencing. Tamblyn's criminal history spanned over two years, covered varying jurisdictions, and included convictions for assault by strangulation, criminal mischief, reckless driving, acts declared unlawful, minor in possession, open alcohol container in a vehicle, and a DUI. Tamblyn also had a pending charge for third degree domestic assault. Despite this record, Tamblyn denied substance abuse problems. Testing revealed that Tamblyn was at a very high risk for recidivism and presented a danger to the community.

The district court held sentencing on March 20, 2025, and gave each party an opportunity to present its position. Tamblyn's trial counsel argued that Tamblyn was a prime candidate for probation because he had finished anger control treatment and completed online domestic abuse courses. The State opposed probation, pointing to another strangulation incident involving the same victim while the case was pending. The State indicated that Tamblyn failed to take accountability as he continued to justify his actions by blaming the victim and disregarding his substance abuse issues.

When the issue was submitted, the district court noted that it had received the PSR and "considered the comments of counsel and [Tamblyn] . . . [and] the relevant statutory factors, including [Tamblyn's] age, mentality, education and experience, social and cultural background, past criminal record or record of law-abiding conduct, and motivation for the offense as well as the nature of the offense." The district court emphasized that Tamblyn was deemed a high risk to reoffend on his LS/CMI, scoring a twenty-two overall, and while Tamblyn's criminal history was short, it was significant, including multiple offenses over 2 years. The district court also noted that Tamblyn failed to report for testing or supervision on his current probation and ignored substance abuse issues despite repeated incidents involving domestic abuse and alcohol. Overall, the district court determined Tamblyn was not taking responsibility for his actions and was not a suitable candidate for probation, due to a substantial risk of reoffending during probation. On count II, domestic assault, the district court sentenced Tamblyn to a period of 270 days' imprisonment.

Tamblyn appeals.

ASSIGNMENTS OF ERROR

Tamblyn assigns that (1) the lower court abused its discretion by imposing an excessive sentence and (2) Tamblyn was prejudiced by ineffective assistance of counsel, causing him to have an excessive sentence.

STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Tvrdy*, 315 Neb. 756, 1 N.W.3d 479 (2024). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *State v. Rupp*, 320 Neb. 502, 28 N.W.3d 74 (2025). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

ANALYSIS

*Excessive Sentence.*

Tamblyn first assigns that the district court abused its discretion by imposing an excessive sentence. He argues that in failing to sentence him to a period of probation, the district court failed to properly consider his age, documented mental health issues, and history of abuse. He also asserts that the court did not consider his impulsivity and the steps he has taken to address his behavior, including participation in anger management classes. Tamblyn does not assert that the sentence was outside of the statutory range, but, rather, he contends that the court should have imposed probation.

Tamblyn's conviction for domestic assault in the third degree is a Class I misdemeanor. Neb. Rev. Stat. § 28-1202(4) (Cum. Supp. 2022). A Class I misdemeanor is punishable by a maximum of 1 year's imprisonment, a $1,000 fine, or both. See Neb. Rev. Stat. § 28-106 (Reissue 2016). There is no minimum sentence. *Id*. Tamblyn was sentenced to 270 days' imprisonment for the Class I misdemeanor. This sentence was within the statutory limits. Consequently, our analysis of whether Tamblyn's sentence is excessive is limited to a review for abuse of discretion.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors, as well as any applicable legal principles in determining the sentence to be imposed. *State v. Jones*, 318 Neb. 840, 19 N.W.3d 499 (2025).

When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id*. However, the sentencing court is not limited to any mathematically applied set of factors. *Id*. The

appropriateness of a sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Tamblyn argues that the district court failed to adequately account for mitigating factors, such as his age, mental health, and history of abuse. There is no indication from the record that the district court ignored Tamblyn's mental health diagnoses and history of being physically abused or that it did not consider mitigating factors in fashioning Tamblyn's sentence.

At the sentencing hearing, the district court acknowledged the receipt of the PSR and heard arguments from counsel. Prior to sentencing Tamblyn, the district court noted that Tamblyn scored high overall in the recidivism category. It also acknowledged that Tamblyn's criminal record was short but substantial, including domestic assaults and multiple driving and substance abuse offenses that have endangered the public. The district court stated that Tamblyn had failed to abide by probation in the time leading up to sentencing and that it did not think probation was an option. This decision was made considering the district court's determination that Tamblyn failed to take responsibility for his substance abuse issues, giving rise to this case, as well as various other charges in his criminal record. Moreover, the district court had access to the PSR, which included a more comprehensive accounting of the September 21, 2023, events, as well as details pertaining to the domestic assault of the same victim that occurred while the present case was pending.

Based on the record before us, the district court took the appropriate factors into consideration when sentencing Tamblyn and there is no indication it failed to consider any applicable factors. Accordingly, we conclude the district court did not abuse its discretion in the sentences it imposed. Tamblyn's assignment of error fails.

*Ineffective Assistance of Counsel.*

Tamblyn's next assignment of error alleges that "[Tamblyn] was prejudiced by ineffective assistance of counsel causing him to have an excessive sentence." We decline to review this assignment because it is insufficiently pled.

The Nebraska Supreme Court held in *State v. Rupp*, 320 Neb. 502, 28 N.W.3d 74 (2025), that assignments of error on direct appeal regarding ineffective assistance of trial counsel must, standing alone, permit an appellate court to determine if the claim can be decided upon the trial record and also permit a district court to later recognize that the claim was raised on direct appeal. See *id*. This requires a description of the specific conduct alleged to constitute deficient performance. *Id.* The argument section of the brief is to elaborate on these claims by discussing legal authority and its application to the trial record, not to set forth, for the first time, what the allegedly deficient act was. *Id.*

In *State v. Turner*, 315 Neb. 661, 677, 998 N.W.2d 783, 795 (2024), the Supreme Court rejected the appellant's assignments of error as insufficiently pled when the appellant assigned that his defense counsel failed to "zealously advocate for [him]" and failed to "present an adequate defense."

Similarly, we find that Tamblyn's general assignment that he "was prejudiced by ineffective assistance of counsel causing him to have an excessive sentence" is insufficiently pled in that it does not specify trial counsel's conduct that constitutes deficient performance. Further,

we decline to scour the remainder of Tamblyn's brief to find the specificity required. See *State v. Rupp, supra*.

Accordingly, Tamblyn has failed to preserve this assignment of error for review.

CONCLUSION

For the reasons stated above, we confirm Tamblyn's conviction and his sentence for third degree domestic assault.

AFFIRMED.